UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK
-----------------------------------------------------------------------------X
DEBBIE TAPPIN,                                                    12-CV-2016(JS)(AKT)

       Plaintiff,

    -*against*-

METROPOLITAN SUB. BUS (MTA), PATRICIA BOWDEN,
as PRESIDENT of TRANSPORT WORKERS UNION LOCAL
252, and NORMA PEREZ,

       Defendants,
-----------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PATRICIA BOWDEN as President of TRANSPORT WORKERS UNION LOCAL 252's MOTION TO DISMISS

              COLLERAN, O'HARA & MILLS L.L.P.
              Attorneys for Defendant Patricia Bowden as
              President of Transport Workers Union Local 252
              1225 Franklin Avenue, Suite 450
              Garden City, New York 11530
              (516) 248-5757
              MDB@cohmlaw.com

Of Counsel

MICHAEL DENNIS BOSSO

**PRELIMINARY STATEMENT**

Defendant Patricia Bowden as President of Transport Workers Union Local 252, AFL-CIO ("Local 252" or the "Union"), through its attorneys Colleran, O'Hara & Mills, L.L.P., submits this Reply memorandum of law in further support of Local 252's Motion to Dismiss Plaintiff Debbie Tappin's Complaint against the Union in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) as the Complaint fails to state a cognizable claim for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17.

Plaintiff's Complaint against Local 252 must be dismissed in its entirety as the Complaint fails to set forth any allegations, facts, or circumstances giving rise to a logical inference that Local 252 or Ms. Bowden discriminated against the Plaintiff. In the underlying Complaint, Plaintiff checks a box indicating that she is alleging that she was terminated from her employment with the Metropolitan Suburban Bus Authority ("MSBA") due to her color. However, the Complaint proceeds to state that Plaintiff was terminated because a co-worker ("Ms. Perez") complained that the Plaintiff had threatened to fight Ms. Perez in the parking lot. The Complaint fails to include any facts, circumstances, or allegations leading to an inference that she was discriminated against by her employer or by Local 252. Furthermore, the Complaint acknowledges that Local 252 pursued a grievance on behalf of the Plaintiff, represented the Plaintiff at each of the grievance "step" hearings, and pursued the Plaintiff's grievance to arbitration. Finally, Plaintiff was reinstated to her position with MSBA as a result of Local 252's full and fair representation of the Plaintiff.

In response to Local 252's Motion to Dismiss, Plaintiff opposes the motion claiming that people in the area were not interviewed and that MTA security tapes were never released.

1

Assuming that these two statements are true for purposes of this motion, Plaintiff again fails to assert any facts that the Union discriminated against the Plaintiff due to her race or color in the Union's representation of the Plaintiff throughout the grievance and arbitration procedure. For all the reasons set forth in Local 252's Memorandum of Law in Support of its Motion to Dismiss, as well as for the reasons set forth below, Plaintiff's Complaint must be dismissed in its entirety.

## ARGUMENT

### I. TO THE EXTENT THAT PLAINTIFF's COMPLAINT ASSERTS CLAIMS AGAINST PATRICIA BOWDEN IN HER INDIVIDUAL CAPACITY, THE COMPLAINT MUST BE DISMISSED AS HAVING NO BASIS IN LAW OR FACT.

It is not clear from the Plaintiff's underlying Complaint as to whether Ms. Tappin is asserting claims against Patricia Bowden in Ms. Bowden's capacity as President of Local 252 or whether the claims are asserted against Ms. Bowden in her individual capacity. The Plaintiff's opposition to Local 252's Motion to Dismiss does little to clarify this issue. For example, in one statement, Ms. Tappin claims that a potential witness to the events underlying her termination was not interviewed. In another statement, Ms. Tappin claims that Ms. Bowden did not get involved with trying to retrieve MTA security tapes and that Ms. Bowden did not interview a witness. Regardless of whether these claims are asserted against Ms. Bowden as an individual or as President of Local 252, they must be dismissed in their entirety.

Assuming that the Complaint is against Ms. Bowden in her individual capacity, the Complaint must be dismissed because: 1) Title VII does not provide for individual liability; 2) Congress did not contemplate agent liability against Union Officers under Title VII; and 3) Plaintiff failed to file charges against Ms. Bowden with the EEOC. Numerous Second Circuit cases have held that there is no individual liability in Title VII cases. See, e.g., Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir.2003); Wrighten v. Glowski, 232 F.3d 119, 120

2

(2d Cir.2000); Tomka v. Seiler Corp, 66 F.3d 1295, 1313 (2d Cir.1995); see also Lore v. City of Syracuse, 583 F. Supp. 2d 345, 359 (N.D.N.Y. 2008). Similarly, many courts have stated that Congress did not contemplate agent liability under Title VII. See Creusere v. S.W. Oh. Reg. Council of Carpenters, C-1-01-0021, 2002 U.S. Dist. LEXIS at *14-15 (S.W. Oh. March 28, 2002)(citing 4 U.S.C. §2000e(d)); Tomka v. Seiler Corp., 66. F.3d 1295, 1314 (2d Cir. 1995); Ullah v. Nat'l Westminster Bank, PLC, No. 94 Civ. 5167 (DC), 1995 WL 747831 (S.D.N.Y. Dec. 18, 1995). Additionally, to the extent Plaintiff alleges claims against Ms. Bowden in her individual capacity, those claims must also be dismissed as Plaintiff failed to exhaust administrative remedies against Ms. Bowden as Ms. Bowden was not named in Plaintiff's EEOC charges. See, Johnson v. Palma, 931 F.2d 203 (2d Cir. 1991)(dismissing charges against International Union not named in Administrative Agency charges).

For all the foregoing reasons, to the extent that Plaintiff attempts to set forth a Title VII cause of action against Ms. Bowden in her individual capacity, the Complaint must be dismissed. Title VII does not recognize complaints against individuals and as such, Plaintiff fails to set forth a cause of action against Ms. Bowden in her individual capacity.

**II. PLAINTIFF's COMPLAINT AGAINST LOCAL 252 MUST BE DISMISSED IN ITS ENTIRETY AS PLAINTIFF FAILS TO SET FORTH ANY ALLEGATIONS UPON WHICH ONE CAN DRAW AN INFERENCE OF DISCRIMINATION.**

The Complaint must be dismissed as the Plaintiff simply does not set forth any facts or circumstances giving rise to the possibility of racial discrimination other than checking off the box labeled "color" on page 3 of her Complaint. In her Affirmation of Opposition, Plaintiff states that Local 252 did not interview witnesses and did not "push" the MTA to disclose security tapes. However, Plaintiff again fails to set forth any facts sufficient to create an inference of discrimination. Even if Plaintiff's statements are true, Plaintiff does not indicate that Local 252's

3

action or inaction was in any way related to Plaintiff's race or color. Essentially, even though Local 252 successfully pursued a grievance on behalf of the Plaintiff that ultimately led to the Plaintiff being reinstated to her position with MSBA, the Plaintiff is unhappy with the manner in which Local 252 handled Plaintiff's grievance. Nevertheless, there are no allegations, facts, or circumstances supporting the Plaintiff's conclusory allegation that Local 252 discriminated against the Plaintiff due to her race.

Plaintiff's Affirmation in Opposition demonstrates that her issues are with the tactics employed by the Union in representing her, not that the Union discriminated against Plaintiff in its representation of her due to her race or color. Plaintiff's Complaint about the tactics used by a Union in pursuing a grievance does not amount to a failure to fairly represent the Plaintiff. See Lettis v. U.S. Postal Service, 39 F. Supp.2d 181, 202 (E.D.N.Y. 1998)(citing Phillips v. Lennox Hill Hospital, 673 F.Supp. 1207 (S.D.N.Y. 1987). It is important to note that "Union officials are not attorneys and should not be held to a standard akin to professional malpractice." Lettis v. U.S. Postal Service, 39 F. Supp.2d at 202 (quoting Smith v. Drug, Chemical, Cosmetic, Plastics and Affiliated Industries Warehouse Employees Local 815, 943 F.Supp. 224, 241 (E.D.N.Y.1996)).

A "Union's failure to make the arguments Plaintiff suggests should have been made, or take the actions Plaintiff suggests should have been taken, are mere tactical errors on the part of the Union, which are insufficient to make out a claim for breach of the duty of fair representation." Smith v. Drug, Chem., Cosmetic, Plastics & Affiliated Indus. Warehouse Employees Local 815, 943 F. Supp. 224, 241 (E.D.N.Y. 1996)(citing Barr v. United Parcel Serv., 868 F.2d 36, 43 (2d Cir.); Jensen v. Farrell Lines, Inc., 477 F.Supp. 335, 350 (S.D.N.Y.1979) ("At most the [union's] failure to raise certain arguments might be said to amount to negligence,

4

but proof that a union acted negligently or exercised poor judgment is not enough to make out a claim of unfair representation."); Harris v. Schwerman Trucking Co., 668 F.2d 1204, 1206 (11th Cir.1982)("The grievance and arbitration process is not conducted in a judicial forum and union representatives are not held to strict standards of trial advocacy.").

The Plaintiff fails to set forth any allegations that she was treated differently than similarly situated members or that members of a different race or color were treated more favorably. Cf. Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999). The Complaint also fails to set forth any allegations of retaliation under Title VII. See McDonnell Douglas, 411 U.S. at 802-04; Cf. Johnson v. Palma, 931 F.2d 203 (2d Cir. 1991). The narrative Statement of Facts and Statement of Legal Claims in the Complaint and the Plaintiff's Affirmation in Opposition to the motion to dismiss all fail to allege any discrimination or any facts leading to an inference that the conduct complained of occurred because of Plaintiff's color or race. See Ex. A at pp. 6 and 7. The "mere statement that a plaintiff was dismissed from his job because of his race fail(s) to state a claim." Martin v. New York State Dept. of Mental Hygiene, 588 F.2d 371 (2d Cir. 1978)(citing Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965). Likewise, the mere statement that the Union discriminated against Plaintiff due to her race must also fail to state a claim.

Local 252 processed Plaintiff's grievance and represented her at each stage of the contractual grievance procedure including arbitration. At the arbitration, the Union made a number of arguments in support of the Plaintiff including that: 1) Ms. Perez let eight (8) days lapse before bringing her complaint against Plaintiff to Human Resources; 2) Ms. Perez's charges against the Plaintiff were in retaliation for Plaintiff's complaint that Ms. Perez had hung up the phone on Plaintiff; and 3) MSBA's charges against the Plaintiff were a fabrication.

5

However, the arbitrator found Ms. Perez to be credible and consistent in her testimony and found that the Plaintiff was not credible. As such, the Arbitrator sustained the charges against the Plaintiff, but modified the penalty from dismissal to a "time-served suspension." Now, the Plaintiff claims that the Union should have handled the grievance differently; that the Union should have made different arguments or employed different tactics. However, these charges are insufficient to state a claim for discrimination under Title VII.

## CONCLUSION

For all the foregoing reasons, Defendant Patricia Bowden as President of Transport Workers Union Local 252's Motion to Dismiss must be granted and Plaintiff's Complaint must be dismissed in its entirety.

Dated: Garden City, New York
July 25, 2012

Respectfully Submitted,

By: _____/s/_____
MICHAEL DENNIS BOSSO (MB-3941)
COLLERAN, O'HARA & MILLS L.L.P.
Attorneys for Defendant Patricia Bowden as
President of Transport Workers Union Local 252
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757
mdb@cohmlaw.com